

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2006

# USA v. Buturla

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3745

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Buturla" (2006). *2006 Decisions*. Paper 626.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/626

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-3745

UNITED STATES OF AMERICA

v.

LAURA JEAN BUTURLA,

Appellant

---

On Appeal from the United States District Court
for the District of New Jersey
District Judge: Honorable Joseph A. Greenaway, Jr.
District Court No.: 04-cr-769

---

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 10, 2006

Before: SMITH, ALDISERT and ROTH, *Circuit Judges*

(Filed: August 2, 2006)

---

OPINION OF THE COURT

---

SMITH, *Circuit Judge.*

Laura Jean Buturla pled guilty to one count of wire fraud (18 U.S.C. §§ 1343 and

1342) and one count of tax evasion (26 U.S.C. § 7201) for embezzling more than

1

$350,000 from her former employer, Agip USA, Inc. ("Agip") and intentionally misrepresenting her taxable income to the Internal Revenue Service ("IRS"). The District Court sentenced her to a 37-month term of imprisonment, imposed three years of supervised release, and ordered restitution in the amount of $354,434. Buturla filed this timely appeal, challenging the manner in which the District Court applied the Sentencing Guidelines in the wake of *United States v. Booker*, 543 U.S. 220 (2005). For the reasons set forth below, we will affirm.

## I.

From April of 1995 to March of 2000, Buturla was the Human Resources Manager for Agip. In that capacity, she was responsible for payroll-related issues. She misused her position to embezzle approximately $354,434. She also misreported her taxable income for three consecutive years. At the time Agip closed its New York division in March of 2000, Buturla's fraudulent conduct was yet undiscovered.

In January of 2001, Buturla began a new job as the office manager at Gursky & Ederer, a law firm in New York. Between June of 2001 and May of 2002, Buturla misused the firm's credit card accounts and overpaid herself from the firm's payroll. As a result of her conduct during her employment at Gursky & Ederer, Buturla was charged and convicted of grand larceny in New York State court. She was sentenced to a 1-3 year term of imprisonment, served 12 months of that term, and was released on parole on November 24, 2003.

Upon completing her term of imprisonment in the State of New York, the United States charged Buturla with one count of wire fraud, one count of subscribing to a false income tax return, and two counts of tax evasion in connection with the Agip fraud. On September 22, 2004, she entered into a plea agreement with the Government pursuant to which she stipulated to various facts and agreed that the appropriate offense level was 20. The plea agreement also included a provision in which Buturla agreed to waive her right to file any appeal that

> (a) challenges the sentencing court's authority to sentence under the Sentencing Guidelines in accordance with the stipulations above; (b) claims that the facts found pursuant to these stipulations must be charged in the indictment, submitted to a jury, or proven beyond a reasonable doubt, or (c) challenges the sentencing court's determination or imposition of the offense level if the total offense level determined by the court is equal to or less than offense level 20, whatever the appropriate criminal history category.

Supp. App. at 7-8.

At her sentencing hearing, Buturla requested a sentence below the Guidelines range based, in part, on the fact that she had already served time for the New York offense. The Government opposed this request, and asked the Court to give "considerable weight" to the Guidelines. The Court concluded that the Guidelines range was 37 to 46 months and determined that, despite Buturla's post-offense rehabilitation, her family ties, and her mental health issues, the appropriate sentence was 37 months. Anything less, it concluded, would not provide a sufficient deterrent effect and would lead to unwarranted sentencing disparity.

3

Buturla appeals the sentence imposed by the District Court, challenging the manner in which the Court applied the Sentencing Guidelines in the wake of *Booker*. She argues that the Court treated the sentencing factors set forth in 18 U.S.C. § 3553 as justifications for a downward departure from the Sentencing Guidelines, as opposed to factors to be given equal weight as the Guidelines range. In sum, she contends that the District Court afforded too much weight to the Guidelines. We find no error in the Court's approach, and accordingly, we will affirm.

## II.

The Government contends that Buturla waived her right to appeal. Relying on *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001), and *United States v. Lockett*, 406 F.3d 207 (3d Cir. 2005), the Government argues that the waiver of appellate rights in Buturla's plea agreement is valid and enforceable. We agree that the waiver is enforceable. We conclude, however, that the language of the waiver is limited and that Buturla did not waive her right to appeal the issue she has raised before us. Specifically, Buturla does not challenge the Court's *authority* to impose sentence within the Guidelines range or contest the Court's determination or imposition of the *offense level*. Rather, she argues that the Court failed to consider and weigh the § 3553 factors. This argument is not precluded by any language in the waiver.

## III.

Although we conclude that Buturla did not waive her right to appeal the issue

4

presented here, her appeal nevertheless fails on the merits because we find that the District Court properly considered the § 3553 factors.

In *Booker*, the Supreme Court held that the Sentencing Guidelines could not, consistent with the Constitution, be applied in a mandatory fashion. It nevertheless explained that sentencing courts are required "to take account of the Guidelines together with the other sentencing goals." *Id.* at 259. The Court, however, did not explain what it means to "take account of the Guidelines" or what weight the Guidelines should be given.

In *United States v. Cooper*, 437 F.3d 324, (3d Cir. 2006), we considered the proper application of the Guidelines in the wake of *Booker*, explaining that "[t]he advisory guidelines range is itself one of the § 3553(a) factors" that "provide[s] a natural starting point for the determination of the appropriate level of criminal conduct," but we refused "to adopt a rebuttable presumption of reasonableness for within-guidelines sentences." *Id.* at 331-32. Among other things, we noted in *Cooper*, that "[t]here are no magic words that a district judge must invoke when sentencing, but the record should demonstrate that the court *considered* the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." *Id.* at 332 (emphasis added). We have never held, and we decline to do so now, that in "consider[ing]" the § 3553 factors, a sentencing court must afford any particular amount of weight to a given factor.

In this case, the District Court acknowledged that the Guidelines were

5

discretionary and addressed each of the factors that Buturla raised.  It nevertheless concluded that a below-Guidelines sentence would not further the goal of deterrence and would result in sentencing disparity.  The Court therefore sentenced Buturla to a 37-month term of imprisonment, a sentence at the low end of the Guidelines range.  This explanation is sufficient to demonstrate that the court "considered" the factors, and accordingly, we will affirm the sentence.